UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| CLARENCE LONNELL ROBERSON,<br>Plaintiff,<br>v.<br>JASON SCHULTZ,<br>Defendant. | Case No. 2:26-cv-2726-JDP (P)<br><br>ORDER |

Plaintiff, a state prisoner, brings this action under section 1983 and alleges that defendants, Jason Schultz and an indeterminate number of "Doe" defendants, violated his rights by assigning him to an unclean cell where he contracted a fungal infection. ECF No. 1 at 3. The complaint, as articulated, does not state a cognizable claim, and I will dismiss it with leave to amend. Additionally, I will grant plaintiff's application to proceed *in forma pauperis*.

I. Screening and Pleading Requirements

A federal court must screen a prisoner's complaint that seeks relief against a governmental entity, officer, or employee. *See* 28 U.S.C. § 1915A(a). The court must identify any cognizable claims and dismiss any portion of the complaint that is frivolous or malicious, fails to state a claim upon which relief may be granted, or seeks monetary relief from a defendant who is immune from such relief. *See* 28 U.S.C. §§ 1915A(b)(1), (2).

A complaint must contain a short and plain statement that plaintiff is entitled to relief, Fed. R. Civ. P. 8(a)(2), and provide "enough facts to state a claim to relief that is plausible on its face," *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007). The plausibility standard does not require detailed allegations, but legal conclusions do not suffice. *See Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). If the allegations "do not permit the court to infer more than the mere possibility of misconduct," the complaint states no claim. *Id.* at 679. The complaint need not identify "a precise legal theory." *Kobold v. Good Samaritan Reg'l Med. Ctr.*, 832 F.3d 1024, 1038 (9th Cir. 2016). Instead, what plaintiff must state is a "claim"—a set of "allegations that give rise to an enforceable right to relief." *Nagrampa v. MailCoups, Inc.*, 469 F.3d 1257, 1264 n.2 (9th Cir. 2006) (en banc) (citations omitted).

The court must construe a pro se litigant's complaint liberally. *See Haines v. Kerner*, 404 U.S. 519, 520 (1972) (per curiam). The court may dismiss a pro se litigant's complaint "if it appears beyond doubt that the plaintiff can prove no set of facts in support of his claim which would entitle him to relief." *Hayes v. Idaho Corr. Ctr.*, 849 F.3d 1204, 1208 (9th Cir. 2017). However, "'a liberal interpretation of a civil rights complaint may not supply essential elements of the claim that were not initially pled.'" *Bruns v. Nat'l Credit Union Admin.*, 122 F.3d 1251, 1257 (9th Cir. 1997) (quoting *Ivey v. Bd. of Regents*, 673 F.2d 266, 268 (9th Cir. 1982)).

II. Analysis

Plaintiff alleges that, on January 5, 2026, he was assigned a cell that was not cleaned prior to his entry. ECF No. 1 at 3. He claims that, as a result, he contracted a fungus that is resistant to treatment. *Id.* The complaint does not meet federal pleading standards, however, because it does not describe how each named defendant was responsible for his alleged injury. *See Skaff v. Meridien N. Am. Beverly Hills, LLC,* 506 F.3d 832, 841 (9th Cir. 2007) (per curiam) ("[T]he purpose of a complaint under Rule 8 [is] to give the defendant fair notice of the factual basis of the claim and of the basis for the court's jurisdiction.").

Plaintiff's complaint is dismissed with leave to amend so that he may address this deficiency. Within thirty days of this order's entry, he must submit an amended complaint or a notice of voluntary dismissal. He is advised that an amended complaint will entirely supersede

the original complaint, should be filed on the form included with this order, should contain only related claims, and be titled "Amended Complaint." If he fails to file an amended complaint within the deadline, I will recommend that this action be dismissed for failure to prosecute and to follow court orders.

Accordingly, it is ORDERED that:

1. Plaintiff's complaint, ECF No. 1, is DISMISSED with leave to amend.

2. Within thirty days from service of this order, plaintiff shall file either (1) an amended complaint or (2) notice of voluntary dismissal of this action without prejudice.

3. Failure to timely file either an amended complaint or notice of voluntary dismissal may result in the imposition of sanctions, including a recommendation that this action be dismissed with prejudice pursuant to Federal Rule of Civil Procedure 41(b).

4. The Clerk of Court shall send plaintiff a complaint form with this order.

5. Plaintiff's application to proceed *in forma pauperis*, ECF No. 5, is GRANTED.

IT IS SO ORDERED.

Dated: October 20, 2026

JEREMY D. PETERSON
UNITED STATES MAGISTRATE JUDGE