UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

CLARENCE LONNELL ROBERSON,

Plaintiff,

v.

JASON SCHULTZ,

Defendant.

Case No. 2:26-cv-2726-JDP (P)

ORDER; FINDINGS AND RECOMMENDATIONS

Plaintiff, a state prisoner, brings this action under section 1983 and alleges that defendants, Jason Schultz and, possibly, an indeterminate number of "Doe" defendants, violated his rights by assigning him to an unclean cell where he contracted a fungal infection. On October 20, 2026, I recommended that this action be dismissed with leave to amend because the complaint did not provide sufficient notice to the defendants of the allegations against them. ECF No. 6. Plaintiff has filed an amended complaint that contains the same deficiency. Accordingly, I now recommend that this action be dismissed for failure to state a cognizable claim and failure to meet federal pleading standards.

I. Screening and Pleading Requirements

A federal court must screen a prisoner's complaint that seeks relief against a governmental entity, officer, or employee. *See* 28 U.S.C. § 1915A(a). The court must identify any cognizable claims and dismiss any portion of the complaint that is frivolous or malicious, fails to state a claim upon which relief may be granted, or seeks monetary relief from a defendant who is immune from such relief. *See* 28 U.S.C. §§ 1915A(b)(1), (2).

A complaint must contain a short and plain statement that plaintiff is entitled to relief, Fed. R. Civ. P. 8(a)(2), and provide "enough facts to state a claim to relief that is plausible on its face," *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007). The plausibility standard does not require detailed allegations, but legal conclusions do not suffice. *See Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). If the allegations "do not permit the court to infer more than the mere possibility of misconduct," the complaint states no claim. *Id.* at 679. The complaint need not identify "a precise legal theory." *Kobold v. Good Samaritan Reg'l Med. Ctr.*, 832 F.3d 1024, 1038 (9th Cir. 2016). Instead, what plaintiff must state is a "claim"—a set of "allegations that give rise to an enforceable right to relief." *Nagrampa v. MailCoups, Inc.*, 469 F.3d 1257, 1264 n.2 (9th Cir. 2006) (en banc) (citations omitted).

The court must construe a pro se litigant's complaint liberally. *See Haines v. Kerner*, 404 U.S. 519, 520 (1972) (per curiam). The court may dismiss a pro se litigant's complaint "if it appears beyond doubt that the plaintiff can prove no set of facts in support of his claim which would entitle him to relief." *Hayes v. Idaho Corr. Ctr.*, 849 F.3d 1204, 1208 (9th Cir. 2017). However, "'a liberal interpretation of a civil rights complaint may not supply essential elements of the claim that were not initially pled.'" *Bruns v. Nat'l Credit Union Admin.*, 122 F.3d 1251, 1257 (9th Cir. 1997) (quoting *Ivey v. Bd. of Regents*, 673 F.2d 266, 268 (9th Cir. 1982)).

II. Analysis

Plaintiff alleges that, on January 5, 2026, he was assigned a cell that was not cleaned prior to his entry. ECF No. 9 at 3. He claims that, as a result, he contracted a fungus that is resistant to treatment. *Id.* Plaintiff's initial complaint was non-compliant with federal pleading standards because it did not describe how defendant Jason Schultz, or any of the "Doe" defendants, was

responsible for his conditions of confinement claim. ECF No. 6 at 2. The amended complaint has the same deficiency. Plaintiff alleges that unnamed building officers failed to clean the cell, and that "correctional staff" were negligent in that failure. ECF No. 9 at 3. No defendant is named, and not even a reference to a "Doe" defendant is made. Accordingly, it is wholly unclear how Schultz, or any other defendant, is personally responsible for this violation of his rights. *See Skaff v. Meridien N. Am. Beverly Hills, LLC,* 506 F.3d 832, 841 (9th Cir. 2007) (per curiam) ("[T]he purpose of a complaint under Rule 8 [is] to give the defendant fair notice of the factual basis of the claim and of the basis for the court's jurisdiction."). Additionally, plaintiff is advised that negligence does not give rise to a viable section 1983 claim. *See Mitchell v. Deptner*, No. 1:13-cv-01062-DLB PC, 2014 U.S. Dist. LEXIS 56710, *9 (E.D. Cal. Apr. 23, 2014) ("mere negligence" insufficient to establish liability for an Eighth Amendment conditions of confinement claim).

I have already offered plaintiff an opportunity to amend and correct this deficiency, and he has failed to do so. Accordingly, I now recommend that this action be dismissed for failure to state a cognizable claim. *See Foman v. Davis*, 371 U.S. 178, 182 (1962) (repeated failure to cure a deficiency a permissible reason to deny further leave to amend).

Accordingly, it is ORDERED that the Clerk of Court shall assign a district judge to this action.

Further, it is RECOMMENDED that the second amended complaint, ECF No. 9, be DISMISSED without leave to amend for failure to state a claim and failure to meet federal pleading standards.

These findings and recommendations are submitted to the United States District Judge assigned to the case, pursuant to the provisions of 28 U.S.C. § 636(b)(l). Within fourteen days of service of these findings and recommendations, any party may file written objections with the court and serve a copy on all parties. Any such document should be captioned "Objections to Magistrate Judge's Findings and Recommendations," and any response shall be served and filed within fourteen days of service of the objections. The parties are advised that failure to file objections within the specified time may waive the right to appeal the District Court's order. *See*

*Turner v. Duncan*, 158 F.3d 449, 455 (9th Cir. 1998); *Martinez v. Ylst*, 951 F.2d 1153 (9th Cir. 1991).

IT IS SO ORDERED.

Dated: November 17, 2026

JEREMY D. PETERSON
UNITED STATES MAGISTRATE JUDGE